## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| Danielle Forman, Nichole Georg and Cindy Haney, individually and as representatives of a Class of Participants and Beneficiaries on Behalf of the TriHealth, Inc. Retirement Plan;<br><br>      Plaintiffs,<br><br>      v.<br><br>TriHealth, Inc.;<br><br>      Defendant. | Case No.   19-613<br><br><br><br>CLASS ACTION COMPLAINT FOR CLAIMS UNDER 29 U.S.C. § 1132(a)(2) |

NOW COME Plaintiffs Danielle Forman, Nichole Georg and Cindy Haney, individually and as representatives of a Class of Participants and Beneficiaries on Behalf of the TriHealth, Inc. Retirement Plan, and assert to the best of their knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the following:

### INTRODUCTION

1.     The duties of loyalty and prudence are "the highest known to the law" and require fiduciaries to keep "an eye single to the interests of the [ERISA] participants and beneficiaries." *Donovan v. Bierwirth*, 680 F.2d 263, 271-72 n.8 (2nd Cir. 1928).  This duty is incorporated as a matter of law into ERISA through 29 U.S.C. § 1002(21)(A), which provides that an entity is an ERISA fiduciary "with respect to a plan to the extent that [it] exercises any discretionary authority or discretionary control

respecting management of such plan or exercises any authority or control respecting management or disposition of its assets."

2. Defendant TriHealth, Inc. is an ERISA fiduciary as it exercises discretionary authority or discretionary control over the 401(k) defined contribution pension plan – known as the TriHealth, Inc. Retirement Plan - that it sponsors and provides to its employees. *For every year between 2013 and 2017, the administrative fees charged to Plan participants is greater than 90 percent of its comparator fees when fees are calculated as cost per participant or when fees are calculated as a percent of total assets.*

3. These excessive fees cannot be justified. The high fees, occurring over years, represent more than a sloppy business practice; they are a breach of the fiduciary duties owed by TriHealth to Plan participants and beneficiaries. Prudent fiduciaries of 401(k) plans continuously monitor administrative fees against applicable benchmarks and peer groups to identify excessive and unjustifiable fees. To remedy, Plaintiffs bring this action on behalf of the Plan under 29 U.S.C. § 1132(a)(2) to enforce TriHealth's liability under 29 U.S.C. § 1109(a) to make good to the Plan all losses resulting from TriHealth's breaches of fiduciary duty.

## JURISDICTION AND VENUE

4. This Court has jurisdiction in this ERISA matter via 28 U.S.C. § 1331.

5. Venue is appropriate in this district because TriHealth may be found in this judicial district within the meaning of 29 U.S.C. § 1132(e)(2).

6.     In conformity with 29 U.S.C. § 1132(h), Plaintiffs have served the original Complaint by certified mail on the Secretary of Labor and the Secretary of the Treasury.

## PARTIES

7.     Plaintiff Danielle Forman lives in and is a Kings Mills, Ohio citizen and during the Class period, was a participant in the Plan under 29 U.S.C. § 1002(7).

8.     Plaintiff Nichole Georg lives in and is a citizen of Loveland, Ohio and, during the Class period, was a participant in the Plan under 29 U.S.C. § 1002(7).

9.     Plaintiff Cindy Haney lives in and is a citizen of Batavia, Ohio and, during the Class period, was a participant in the Plan under 29 U.S.C. § 1002(7).

10.     The named Plaintiffs and all participants in the Plan suffered financial harm as a result of the imprudent or excessive fee options in the Plan. TriHealth's inclusion of those options deprived participants of the opportunity to grow their retirement savings by investing in prudent options with reasonable fees, which would have been available in the Plan if TriHealth had satisfied its fiduciary obligations. All participants continue to be harmed by the ongoing inclusion of these investment options.

11.     TriHealth, Inc. ("TriHealth") is a company with its principal headquarters located at 625 Eden Park Drive, Cincinnati, Ohio. TriHealth is a citizen of the state of Ohio. In this Complaint, "TriHealth" refers to the named defendant and all parent, subsidiary, related, predecessor, and successor entities to which these allegations pertain. TriHealth is the Plan sponsor of the TriHealth, Inc. Retirement Plan.

12.     TriHealth is a fiduciary with ultimate responsibility for the control, management, and administration of the Plan in accord with 29 U.S.C. § 1102(a). In combination, TriHealth has exclusive responsibility and complete discretionary authority to control the operation, management, and administration of the Plan, with all powers necessary to properly carry out such responsibilities.

13.     The Plan is a "defined contribution" pension plan, meaning that TriHealth's contribution to the payment of Plan costs is guaranteed but the pension benefits are not.

14.     The Plan is a defined contribution, individual account employee pension benefit plan under 29 U.S.C. §§ 1002(2)(A) and 1002(34). The Plan is established and maintained under a written document in accord with 29 U.S.C. § 1102(a)(1). The Plan provides for retirement income for eligible TriHealth employees and their beneficiaries.

## ERISA's FIDUCIARY STANDARDS

15.     ERISA imposes strict fiduciary standards of duty and loyalty and prudence on TriHealth as a fiduciary to the Plan. 29 U.S.C. § 1104(a)(1) provides in relevant part:

> [A] fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and –
> > (A) for the exclusive purpose of:
> > > (i) providing benefits to participants and their beneficiaries; and
> > > (ii) defraying reasonable expenses of administering the plan; [and]
> > (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims.

16. With certain exceptions not relevant here, 29 U.S.C. § 1103(c)(1) provides in relevant part:

> the assets of a plan shall never inure to the benefit of any employer and shall be held for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries and defraying reasonable expenses of administering the plan.

17. 29 U.S.C. § 1109 provides in relevant part:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

18. Under ERISA, fiduciaries that exercise any authority or control over plan assets, including the selection of plan investments and service providers, must act prudently and for the exclusive benefit of participants in the plan, and not for the benefit of third parties including service providers to the plan such as recordkeepers and those who provide investment products. Fiduciaries must ensure that the amount of fees paid to those service providers is no more than reasonable. DOL Adv. Op. 97-15A; DOL Adv. Op. 97-16A; *see also* 29 U.S.C. §1103(c)(1) (plan assets "shall be held for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries and defraying reasonable expenses of administering the plan").

19. "[T]he duty to conduct an independent investigation into the merits of a particular investment" is "the most basic of ERISA's investment fiduciary duties." *In re Unisys Savings Plan Litig.*, 74 F.3d 420, 435 (3d Cir. 1996); *Katsaros v. Cody*, 744 F.2d 270,

279 (2nd Cir. 1984) (fiduciaries must use "the appropriate methods to investigate the merits" of plan investments). Fiduciaries must "initially determine, and continue to monitor, the prudence of each investment option available to plan participants." *DiFelice v. U.S. Airways, Inc.*, 497 F.3d 410, 423 (4th Cir. 2007); (emphasis original); *see also* 29 C.F.R. § 2550.404a-1; DOL Adv. Opinion 98-04A; DOL Adv. Opinion 88-16A. Thus, a defined contribution plan fiduciary cannot "insulate itself from liability by the simple expedient of including a very large number of investment alternatives in its portfolio and then shifting to the participants the responsibility for choosing among them." *Hecker v. Deere & Co.*, 569 F.3d 708, 711 (7th Cir. 2009). Fiduciaries have "a continuing duty to monitor investments and remove imprudent ones[.]" *Tibble v. Edison Int'l*, 135 S. Ct. 1823, 1828-29 (2015).

20.     29 U.S.C. § 1132(a)(2) authorizes plan participants to bring a civil action for appropriate relief under 29 U.S.C. § 1109.

## THE PLAN

21.     There are commercially available programs commonly used by financial advisors and plan fiduciaries to analyze plans' performance, comparative costs and so on. The programs require validated information (financial information submitted to the federal government is often incomplete or contains errors). The program used for the analysis below contains validated financial information from more than 55,000 financial plans of all types. The benchmarking analysis below is of the type often employed by fiduciaries and financial advisors to determine the productivity and efficiency of financial programs and is appropriately used here.

22.     Below is a comparison of the TriHealth's Plan's fees calculated as cost per

401(k) plan participant/beneficiary *and* as a percentage of the total Plan's assets:

**TriHealth's Plan Benchmarked Against 27 Other Comparator Plans
With Participant Count Range of Greater than 10,000 As Fee Cost Per
Participant And Percentage Of Total Plan Assets**

| | Plan | Asset Percentage | Cost Per Head |
|---|---|---|---|
| 2017 | TriHealth | 0.86% | $328.01 |
| | Peer Plans 90%tile | 0.63% | $237.00 |
| | Peer Plans 50%tile | 0.43% | $161.01 |
| | Peer Plans Mean | 0.44% | $165.53 |
| 2016 | TriHealth | 0.92% | $257.35 |
| | Peer Plans 90%tile | 0.63% | $175.82 |
| | Peer Plans 50%tile | 0.43% | $119.45 |
| | Peer Plans Mean | 0.39% | $108.84 |
| 2015 | TriHealth | 0.96% | $217.36 |
| | Peer Plans 90%tile | 0.63% | $141.62 |
| | Peer Plans 50%tile | 0.43% | $96.21 |
| | Peer Plans Mean | 0.44% | $98.91 |
| 2014 | TriHealth | 1.05% | $193.03 |
| | Peer Plans 90%tile | 0.63% | $115.71 |
| | Peer Plans 50%tile | 0.43% | $78.61 |
| | Peer Plans Mean | 0.44% | $80.81 |
| 2013 | TriHealth | 1.00% | $151.88 |
| | Peer Plans 90%tile | 0.63% | $96.63 |
| | Peer Plans 50%tile | 0.43% | $65.64 |
| | Peer Plans Mean | 0.44% | $67.48 |

**TriHealth Plan Benchmarked Against Comparator Plans
With Asset Range of $250 to $500 Million As Fee Cost Per Percentage Of Total
Plan Assets[1]**

|  | Plan | Asset Percentage |
|---|---|---|
| 2017 | TriHealth | 0.86% |
|  | 90%tile Comp | 0.63% |
|  | 50%tile Comp | 0.28% |
|  | Mean Comp | 0.41% |
| 2016 | TriHealth | 0.92% |
|  | 90%tile Comp | 0.63% |
|  | 50%tile Comp | 0.28% |
|  | Mean Comp | 0.41% |
| 2015 | TriHealth | 0.96% |
|  | 90%tile Comp | 0.63% |
|  | 50%tile Comp | 0.28% |
|  | Mean Comp | 0.41% |
| 2014 | TriHealth | 1.05% |
|  | 90%tile Comp | 0.65% |
|  | 50%tile Comp | 0.51% |
|  | Mean Comp | 0.47% |
| 2013 | TriHealth | 1.00% |
|  | 90%tile Comp | 0.65% |
|  | 50%tile Comp | 0.51% |
|  | Mean Comp | 0.47% |

23.     The total difference from 2013 to 2017 between TriHealth' fees and the

average of its comparators based on total number of participants is **$7,001,443.**

24.     The total difference from 2013 to 2017 between TriHealth's fees and the

average of its comparators based on plan asset size is **$7,210,002.**

25.     Plaintiffs had no knowledge of how the fees charged to and paid by

TriHealth Plan participants compared to any of TriHealth's comparators.

---

[1] For years 2015-2017, the table compares TriHealth's fees with 23 other plans. For years 2013-2014, TriHealth's fees are compared with 98 other plans.

26.     The TriHealth Plan's fees were also excessive when compared with other comparable mutual funds not offered by the Plan.

27.     The charges that follow are expressed as a percentage of assets under management, or "expense ratio." For example, if the mutual fund deducts 1% of fund assets each year in fees, the fund's expense ratio would be 1%, or 100 basis points (or bps).( One basis point is equal to 1/100th of one percent (or 0.01%).The fees deducted from a mutual fund's assets reduce the value of the shares owned by fund investors.

28.     Here is a comparison, on a year-to-year basis of the Plan's individual funds **fees** compared with other comparable funds that TriHealth could have made available to Plaintiffs and other participants, but did not:

**2017**

| Plan Fund | Plan Fee | Identical lower-cost fund | Identical lower-cost fund fee | Plan's Excess (%) |
|---|---|---|---|---|
| Janus Henderson Balanced T (JABAX) | 82 bps | Janus Henderson Balanced I (JABLX) | 64 bps | **28%** |
| T. Rowe Price 2005 Adv (PARGX) | 79 bps | Fidelity Fr. Index 2010 Fund Investor Class (FKIFX) | 12 bps | **558%** |
| T. Rowe Price 2010 Adv (PARAX) | 79 bps | Fidelity Fr. Index 2010 Fund Investor Class (FKIFX) | 12 bps | **558%** |
| T. Rowe Price 2015 Adv (PARHX) | 82 bps | Fidelity Fr. Index 2015 Fund Investor Class (FLIFX) | 12 bps | **583%** |
| T. Rowe Price 2020 Adv (PARBX) | 86 bps | Fidelity Fr. Index 2020 Fund Investor Class (FPIFX) | 12 bps | **617%** |
| T. Rowe Price 2025 Adv (PARJX) | 89 bps | Fidelity Fr. Index 2025 Fund Investor Class (FQIFX) | 12 bps | **642%** |

| Plan Fund | Plan Fee | Identical lower-cost fund | Identical lower-cost fund fee | Plan's Excess (%) |
|---|---|---|---|---|
| T. Rowe Price 2030 Adv (PARCX) | 92 bps | Fidelity Fr. Index 2030 Fund Investor Class (FXIFX) | 12 bps | 667% |
| T. Rowe Price 2035 Adv (PARKX) | 95 bps | Fidelity Fr. Index 2035 Fund Investor Class (FIHFX) | 12 bps | 692% |
| T. Rowe Price 2040 Adv (PARDX) | 97 bps | Fidelity Fr. Index 2040 Fund Investor Class (FBIFX) | 12 bps | 708% |
| T. Rowe Price 2045 Adv (PARLX) | 97 bps | Fidelity Fr. Index 2045 Fund Investor Class (FIOFX) | 12 bps | 708% |
| T. Rowe Price 2050 Adv (PARFX) | 97 bps | Fidelity Fr. Index 2050 Fund Investor Class (FIPFX) | 12 bps | 708% |
| T. Rowe Price 2055 Adv (PAROX) | 97 bps | Fidelity Fr. Index 2055 Fund Investor Class (FDEWX) | 12 bps | 708% |
| Columbia Dividend Income Adv (CVIRX) | 71 bps | Columbia Dividend Income Inst2 (CDDRX) | 63 bps | 13% |
| Dodge & Cox Stock (DODGX) | 52 bps | Vanguard Value Index Fund Investor Shares (VIVAX) | 17 bps | 206% |
| Vanguard Institutional Index (VINIX) | 4 bps | Fidelity 500 Index Fund (FXAIX) | 2 bps | 100% |
| Neuberger Berman Socially Rspns. Inst. (NBSLX) | 67 bps | Fidelity 500 Index Fund (FXAIX) | 2 bps | 3250% |
| T. Rowe Price Blue Chip Growth (TRBCX) | 70 bps | T. Rowe Price Inst. Large Cap Core Growth (TPLGX) | 56 bps | 25% |
| Diamond Hill Small-Mid Cap Y (DHMYX) | 81 bps | Diamond Hill Mid Cap Y (DHPYX) | 66 bps | 23% |
| Vanguard Extended Market Index Adm. (VEXAX) | 7 bps | Fidelity Mid Cap Index Fund (FSMDX) | 3 bps | 133% |

| Plan Fund | Plan Fee | Identical lower-cost fund | Identical lower-cost fund fee | Plan's Excess (%) |
|---|---|---|---|---|
| HSBC Opportunity I (RESCX) | 110 bps | Vanguard Mid Cap Growth Inv. (VMGRX) | 36 bps | 206% |
| Vanguard FTSE All-Wld ex-US Idx Admiral (VFWAX) | 11 bps | Vanguard FTSE All-Wld ex-US Idx Instl (VFWSX) | 8 bps | 38% |
| American Funds Europacific Growth R5 (RERFX) | 53 bps | Vanguard International Growth Fund Investor Shares (VWIGX) | 45 bps | 18% |
| Hartford Total Return Bond Y (HABYX) | 46 bps | Voya Intermediate Bond Fund Class I (IICIX) | 35 bps | 31% |
| Vanguard Total Bond Market Index I (VBTIX) | 4 bps | Mercer Core Fixed Income Fund Class Y3 (MCFIX) | 3 bps | 33% |
| Vanguard Shrt-Term Infl-Prot Sec Idx. Adm (VTAPX) | 6 bps | Fidelity Infl-Prot Bond Index Fund (FIPDX) | 5 bps | 20% |
| Templeton Global Bond R6 (FBNRX) | 57 bps | American Funds Capital World Bond R6 (RCWGX) | 52 bps | 10% |

## 2014

| Plan Mutual Fund | Plan Fee | Identical lower-cost mutual fund | Identical lower-cost mutual fund fee | Plan's Excess (%) |
|---|---|---|---|---|
| T. Rowe Price Retirement Balanced Adv (PARIX) | 77 bps | T. Rowe Price Balanced Adv (TRRIX) | 52 bps | 48% |
| Calamos Growth & Income A (CVTRX) | 110 bps | Calamos Growth & Income I (CGIIX) | 86 bps | 28% |

| Plan Mutual Fund | Plan Fee | Identical lower-cost mutual fund | Identical lower-cost mutual fund fee | Plan's Excess (%) |
|---|---|---|---|---|
| ClearBridge Large Cap Value A (SINAX) | 81 bps | ClearBridge Large Cap Value I (SAIFX) | 52 bps | 56% |
| Columbia Dividend Income A (LBSAX) | 96 bps | Columbia Dividend Income Inst. (GSFTX) | 71 bps | 35% |
| Columbia Contrarian Core Fund Inst. Class (SMGIX) | 77 bps | Columbia Contrarian Core Inst3 (COFYX) | 63 bps | 22% |
| MainStay Large Cap Growth R1 (MLRRX) | 83 bps | MainStay Large Cap Growth R6 (MLRSX) | 64 bps | 30% |
| Neurberger Berman Socially Rspns A (NRAAX) | 104 bps | Neuberger Berman Sustainable Eq. Instl. (NBSLX) | 69 bps | 51% |
| AMG Man. Fairpoint Mid Cap Fund Class N (CHTTX) | 113 bps | AMG Man. Fairpointe Mid Cap I (ABMIX) | 88 bps | 28% |
| Morgan Stanley Inst. Fund Trust Disc. Port. Class A (MACGX) | 102 bps | Morgan Stanley Inst. Disc. IS (MMCGX) | 66 bps | 55% |
| Janus Henderson Small Cap Value Fund Class T (JSCVX) | 105 bps | Janus Henderson Small Cap Value I (JSCOX) | 88 bps | 19% |
| Vanguard Small Cap Index Adm (VSMAX) | 5 bps | Vanguard Small Cap Index I (VSCIX) | 4 bps | 25% |
| Janus Henderson Triton Fund Class S (JGMIX) | 117 bps | Janus Henderson Triton Fund Class N (JGMNX) | 66 bps | 77% |
| American Funds Capital World Gr&Inc. R3 (RWICX) | 109 bps | American Funds Capital World Gr&Inc. R4 (RWIEX) | 79 bps | 38% |
| BNY Mellon Intl. Stock Index Fund Inv. Shares (DIISX) | 60 bps | Vanguard Total Int. Stock Index Inv. (VGTSX) | 17 bps | 252% |

| Plan Mutual Fund | Plan Fee | Identical lower-cost mutual fund | Identical lower-cost mutual fund fee | Plan's Excess (%) |
|---|---|---|---|---|
| American Funds Europacific Growth R5 (RERFX) | 53 bps | American Funds Europacific Growth R6 (RERGX) | 49 bps | 8% |
| PIMCO Total Return Admin (PTRAX) | 80 bps | PIMCO Total Return Inst. (PTTRX) | 55 bps | 46% |
| Vanguard Total Bond Market Index I (VBTIX) | 4 bps | Vanguard Total Bond Market II Idx I (VTBNX) | 2 bps | 100% |
| American Century Short Dur. Inf. PrBd Inv (APOIX) | 57 bps | American Cent. Short Dur. Inf. PrBd R6 (APODX) | 32 bps | 78% |
| Metropolitan West High Yield Bond M (MWHYX) | 86 bps | Metropolitan West High Yield Bond I (MWHIX) | 61 bps | 41% |

29.     Here is a comparison of how the funds listed in the previous paragraph

performed compared with the performance by the funds made available by TriHealth:

**2017:**

| Plan Mutual Fund | 5 Year Return | Identical lower-cost mutual fund | 5 Year Return |
|---|---|---|---|
| Janus Henderson Balanced T (JABAX) | 7.58% | Janus Henderson Balanced I (JABLX) | 7.75% |
| T. Rowe Price 2005 Adv (PARGX) | 3.73% | Fidelity Fr. Index 2010 Fund Investor Class (FKIFX) | 4.14% |
| T. Rowe Price 2010 Adv (PARAX) | 4.03% | Fidelity Fr. Index 2010 Fund Investor Class (FKIFX) | 4.14% |
| T. Rowe Price 2015 Adv (PARHX) | 4.46% | Fidelity Fr. Index 2015 Fund Investor Class (FLIFX) | 4.61% |

| Plan Mutual Fund | 5 Year Return | Identical lower-cost mutual fund | 5 Year Return |
|---|---|---|---|
| T. Rowe Price 2020 Adv (PARBX) | 4.96% | Fidelity Fr. Index 2020 Fund Investor Class (FPIFX) | 4.92% |
| T. Rowe Price 2025 Adv (PARJX) | 5.37% | Fidelity Fr. Index 2025 Fund Investor Class (FQIFX) | 5.20% |
| T. Rowe Price 2030 Adv (PARCX) | 5.74% | Fidelity Fr. Index 2030 Fund Investor Class (FXIFX) | 5.84% |
| T. Rowe Price 2035 Adv (PARKX) | 5.96% | Fidelity Fr. Index 2035 Fund Investor Class (FIHFX) | 6.22% |
| T. Rowe Price 2040 Adv (PARDX) | 6.16% | Fidelity Fr. Index 2040 Fund Investor Class (FBIFX) | 6.18% |
| T. Rowe Price 2045 Adv (PARLX) | 6.21% | Fidelity Fr. Index 2045 Fund Investor Class (FIOFX) | 6.18% |
| T. Rowe Price 2050 Adv (PARFX) | 6.22% | Fidelity Fr. Index 2050 Fund Investor Class (FIPFX) | 6.18% |
| T. Rowe Price 2055 Adv (PAROX) | 6.21% | Fidelity Fr. Index 2055 Fund Investor Class (FDEWX) | 6.17% |
| Columbia Dividend Income Adv (CVIRX) | 10.05% | Columbia Dividend Income Inst2 (CDDRX) | 10.16% |
| Dodge & Cox Stock (DODGX) | 7.66% | Vanguard Value Index Fund Investor Shares (VIVAX) | 8.03% |
| Vanguard Institutional Index (VINIX) | 9.63% | Fidelity 500 Index Fund (FXAIX) | 9.65% |
| Neuberger Berman Socially Rspns. Inst. (NBSLX) | 7.50% | Fidelity 500 Index Fund (FXAIX) | 9.65% |

14

| Plan Mutual Fund | 5 Year Return | Identical lower-cost mutual fund | 5 Year Return |
|---|---|---|---|
| T. Rowe Price Blue Chip Growth (TRBCX) | 13.92% | T. Rowe Price Inst. Large Cap Core Growth (TPLGX) | 14.05% |
| Diamond Hill Small-Mid Cap Y (DHMYX) | 5.61% | Diamond Hill Mid Cap Y (DHPYX) | 6.55% |
| Vanguard Extended Market Index Adm. (VEXAX) | 7.32% | Fidelity Mid Cap Index Fund (FSMDX) | 7.88% |
| HSBC Opportunity I (RESCX) | 7.13% | Vanguard Mid Cap Growth Inv. (VMGRX) | 9.33% |
| Vanguard FTSE All-Wld ex-US Idx Admiral (VFWAX) | 1.90% | Vanguard FTSE All-Wld ex-US Idx Instl (VFWSX) | 1.91% |
| American Funds Europacific Growth R5 (RERFX) | 3.26% | Vanguard International Growth Fund Investor Shares (VWIGX) | 5.22% |
| Hartford Total Return Bond Y (HABYX) | 2.90% | Voya Intermediate Bond Fund Class I (IICIX) | 3.36% |
| Vanguard Total Bond Market Index I (VBTIX) | 2.69% | Mercer Core Fixed Income Fund Class Y3 (MCFIX) | 2.89% |
| Vanguard Shrt-Term Infl-Prot Sec Idx. Adm (VTAPX) | 0.78% | Fidelity Infl-Prot Bond Index Fund (FIPDX) | 1.62% |
| Templeton Global Bond R6 (FBNRX) | 1.35% | American Funds Capital World Bond R6 (RCWGX) | 1.40% |

**2014:**

| Plan Mutual Fund | 5 Year Return | Identical lower-cost mutual fund | 5 Year Return |
|---|---|---|---|
| T. Rowe Price Retirement Balanced Adv (PARIX) | 3.54% | T. Rowe Price Balanced Adv (TRRIX) | 4.04% |
| Calamos Growth & Income A (CVTRX) | 7.30% | Calamos Growth & Income I (CGIIX) | 7.55% |
| ClearBridge Large Cap Value A (SINAX) | 6.83% | ClearBridge Large Cap Value I (SAIFX) | 7.14% |
| Columbia Dividend Income A (LBSAX) | 9.77% | Columbia Dividend Income Inst. (GSFTX) | 10.05% |
| Columbia Contrarian Core Fund Inst. Class (SMGIX) | 9.16% | Columbia Contrarian Core Inst3 (COFYX) | 9.35% |
| MainStay Large Cap Growth R1 (MLRRX) | 12.96% | MainStay Large Cap Growth R6 (MLRSX) | 13.22% |
| Neuberger Berman Socially Rspns A (NRAAX) | 7.61% | Neuberger Berman Sustainable Eq. Instl. (NBSLX) | 8.01% |
| AMG Man. Fairpoint Mid Cap Fund Class N (CHTTX) | 2.67% | AMG Man. Fairpointe Mid Cap I (ABMIX) | 2.93% |
| Morgan Stanley Inst. Fund Trust Disc. Port. Class A (MACGX) | 13.97% | Morgan Stanley Inst. Disc. IS (MMCGX) | 14.39% |
| Janus Henderson Small Cap Value Fund Class T (JSCVX) | 7.03% | Janus Henderson Small Cap Value I (JSCOX) | 7.16% |
| Vanguard Small Cap Index Adm (VSMAX) | 7.55% | Vanguard Small Cap Index I (VSCIX) | 7.57% |

| Plan Mutual Fund | 5 Year Return | Identical lower-cost mutual fund | 5 Year Return |
|---|---|---|---|
| Janus Triton S (JGMIX) | 11.78% | Janus Henderson Triton Fund Class N (JGMNX) | 12.35% |
| American Funds Capital World Gr&Inc. R3 (RWICX) | 4.74% | American Funds Capital World Gr&Inc. R4 (RWIEX) | 5.06% |
| BNY Mellon Intl. Stock Index Fund Inv. Shares (DIISX) | 1.32% | Vanguard Total Int. Stock Index Inv. (VGTSX) | 1.75% |
| American Funds Europacific Growth R5 (RERFX) | 3.59% | American Funds Europacific Growth R6 (RERGX) | 3.64% |
| PIMCO Total Return Admin (PTRAX) | 2.74% | PIMCO Total Return Inst. (PTTRX) | 3.00% |
| Vanguard Total Bond Market Index I (VBTIX) | 2.82% | Vanguard Total Bond Market II Idx I (VTBNX) | 2.83% |
| American Century Short Dur. Inf. PrBd Inv (APOIX) | 0.78% | American Cent. Short Dur. Inf. PrBd R6 (APODX) | 1.03% |
| Metropolitan West High Yield Bond M (MWHYX) | 3.00% | Metropolitan West High Yield Bond I (MWHIX) | 3.28% |

30. By selecting and retaining the Plan's excessive cost investments while failing to adequately investigate the use of superior, lower-cost mutual funds from other fund companies that were readily available to the Plan or foregoing those alternatives without any prudent reason for doing so, TriHealth caused Plan participants to lose millions of dollars of their retirement savings through excessive fees.

## THE OVERCHARGES BREACHED
## DEFENDANT'S FIDUCIARY OBLIGATIONS TO THE PLAN

31.     The administrative fees of the investment offerings were paid for by the Plan participants. TriHealth as a fiduciary, was responsible for ensuring that these administrative fees were reasonable.

32.     A plan's fiduciaries have control over defined contribution plan expenses. The fiduciaries have exclusive control over the menu of investment options to which participants may direct the assets in their accounts. Those selections each have their own fees, which are deducted from the returns that participants receive on their investments.

33.     At retirement, employees' benefits are limited to the value of their own individual investment accounts, which is determined by the market performance of employee and employer contributions, less expenses. Accordingly, excessive fees can impair the value of a participant's account. Over time, even small differences in fees and performance can result in large differences in the amount of savings available at retirement.

34.     Prudent fiduciaries exercising control over administration of a plan and the selection and monitoring of designated investment alternatives will take steps to minimize plan expenses by hiring low-cost service providers and by curating a menu of low-cost investment options. *See,* Restatement (Third) of Trusts § 90 cmt. b ("[C]ost-conscious management is fundamental to prudence in the investment function. . . .").

18

35. In fact, the duty of prudence imposed under 29 U.S.C. § 1104(a)(1)(B) is a codification of the common law prudent investor rule found in trust law.

36. Given the significant variation in total plan fees attributable to plan size, the reasonableness of administrative expenses and investment management expenses should be determined by comparison to other similarly-sized plans. *See,* 29 U.S.C. § 1104(a)(1)(B) (requiring ERISA fiduciaries to discharge their duties in the manner "that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character").

37. A fiduciary must initially determine, and continue to monitor, the prudence of each investment option available to plan participants. A plan fiduciary cannot assume that an investment that began as a prudent one will remain so, particularly when the original circumstances change or the investment reveals itself to be deficient. An ERISA fiduciary's investment decisions also must account for changed circumstances and a trustee who simply ignores changed circumstances that have increased the risk of loss to the trust's beneficiaries is imprudent.

38. As illustrated above, the TriHealth's Plan's administrative fees are consistently the highest among its comparator peers, regardless whether the comparison is based on cost per participant or percentage of assets.

39. The funds chosen by TriHealth from which Plan participants may elect to invest are "actively managed," which in significant measure results in the higher administrative fees. TriHealth could have chosen passively managed funds to offer

even as an alternative to Plan participants. These passively managed funds would have resulted in significantly lower administrative fees yet generated comparable returns.

40.     As understood in the investment community, passively managed investment options should either be used or, at a minimum, thoroughly analyzed and considered in efficient markets such as large capitalization U.S. stocks. This is because it is difficult and either unheard of, or extremely unlikely, to find actively managed mutual funds that outperform a passive index, net of fees, particularly on a consistent basis.

41.     Nobel Prize winners in economics have concluded that virtually no investment manager consistently beats the market over time after fees are considered. "Properly measured, the average actively managed dollar must underperform the average passively managed dollar, net of costs." William F. Sharpe, The Arithmetic of Active Management, 47 FIN. ANALYSTS J. 7, 8 (Jan./Feb. 1991); Eugene F. Fama & Kenneth R. French, Luck Versus Skill in the Cross- Section of Mutual Fund Returns, 65 J. FIN. 1915, 1915 (2010) ("After costs . . . in terms of net returns to investors, active investment must be a negative sum game.").

42.     To the extent fund managers show any sustainable ability to beat the market, the outperformance is nearly always dwarfed by mutual fund expenses. Fama & French, Luck Versus Skill in the Cross-Section of Mutual Fund Returns, at 1931–34; *see also* Russ Wermers, Mutual Fund Performance: An Empirical Decomposition into Stock-Picking Talent, Style, Transaction Costs, and Expenses, 55 J. FIN. 1655, 1690 (2000)

("on a net-return level, the funds underperform broad market indexes by one percent per year").

43. Accordingly, investment fees are of paramount importance to prudent investment selection, and a prudent investor will not select higher-cost actively managed funds unless there has been a documented process leading to the realistic conclusion that the fund is likely to be that extremely rare exception, if one even exists, that will outperform its benchmark over time, net of investment expenses.

44. Prudent fiduciaries of large defined contribution plans must conduct an analysis to determine whether actively managed funds, particularly large cap, will outperform their benchmark net of fees. Prudent fiduciaries then make a reasoned decision as to whether it is in participants' best interest to offer an actively managed large cap option for the particular investment style and asset class, in light of the higher fees of active management.

45. Prudent fiduciaries of defined contribution plans continuously monitor the investment performance of plan options against applicable benchmarks and peer groups to identify underperforming investments. Based on this process, prudent fiduciaries replace those imprudent investments with better-performing and reasonably priced options.

46. TriHealth's decision-making, monitoring and soliciting bids from investment funds was deficient in that it resulted in almost no passively-managed funds options for Plan participants, resulting in inappropriately high administrative Plan fees.

## CLASS ACTION ALLEGATIONS

47.     29 U.S.C. § 1132(a)(2) authorizes any participant or beneficiary of the Plan to bring an action individually on behalf of the Plan to enforce a breaching fiduciary's liability to the Plan under 29 U.S.C. § 1109(a).

48.     In acting in this representative capacity, Plaintiffs seek to certify this action as a class action on behalf of all participants and beneficiaries of the Plan. Plaintiffs seek to certify, and to be appointed as representatives of, the following Class:

*All participants and beneficiaries of the TriHealth, Inc. Retirement Plan from August 1, 2013 through the date of judgment, excluding the Defendant or any participant who is a fiduciary to the Plan.*

49.     The Class includes more than **12,168** members and is so large that joinder of all its members is impracticable, pursuant to Federal Rule of Civil Procedure 23(a)(1).

50.     There are questions of law and fact common to this Class pursuant to Federal Rule of Civil Procedure 23(a)(2), because TriHealth owed fiduciary duties to the Plan and to all participants and beneficiaries and took the actions and omissions alleged as the Plan and not as to any individual participant. Common questions of law and fact include but are not limited to the following:

- Who are fiduciaries liable for the remedies provided by 29 U.S.C. § 1109(a);

- Whether the fiduciaries of the Plan breached their fiduciary duties to the Plan;

- What are the losses to the Plan resulting from each breach of fiduciary duty; and

- What Plan-wide equitable and other relief the Court should impose in light of TriHealth's breach of duty.

22

51. Plaintiffs' claims are typical of the claims of the Class pursuant to Federal Rule of Civil Procedure 23(a)(3), because Plaintiffs were participants during the time period at issue and all participants in the Plan were harmed by TriHealth's misconduct.

52. Plaintiffs will adequately represent the Class pursuant to Federal Rule of Civil Procedure 23(a)(4), because they are participants in the Plan during the Class period, have no interest that conflicts with the Class, are committed to the vigorous representation of the Class, and have engaged experienced and competent lawyers to represent the Class.

53. Certification is appropriate under Federal Rule of Civil Procedure 23(b)(1), because prosecution of separate actions for these breaches of fiduciary duties by individual participants and beneficiaries would create the risk of (1) inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants concerning their discharge of their fiduciary duties to the Plan and personal liability to the Plan under 29 U.S.C. § 1109(a), and (2) adjudications by individual participants and beneficiaries regarding these breaches of fiduciary duties and remedies for the Plan would, as a practical matter, be dispositive of the interests of the participants and beneficiaries who are not parties to the adjudication, or would substantially impair those participants' and beneficiaries' ability to protect their interests.

54. Certification is also appropriate under Federal Rule of Civil Procedure 23(b)(2) because TriHealth has acted or refused to act on grounds that apply generally

to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

55.     Alternatively, this action may be certified as a class under Federal Rule of Civil Procedure 23(b)(3), if it is not certified under Federal Rule of Civil Procedure 23(b)(1) or (b)(2). A class action is the superior method for fair and efficient adjudication of this controversy because joinder of all participants and beneficiaries is impracticable, the losses suffered by individual participants and beneficiaries may be small and impracticable for individual members to enforce their rights through individual actions, and the common questions of law and fact predominate over individual questions. Given the nature of the allegations, no class member has an interest in individually controlling the prosecution of this matter, and Plaintiffs are aware of no difficulties likely to be encountered in the management of this matter as a class action.

56.     Plaintiffs' attorneys are experienced in complex commercial and class litigation and will adequately represent the Class.

## LEGAL CLAIMS
### Count 1 – Breach of Duties of Loyalty and Prudence
### 29 U.S.C. § 1104(a)(1)(A)–(B), (D)

57.     Plaintiffs restate the above allegations as if fully set forth.

58.     TriHealth is a fiduciary of the Plan under 29 U.S.C. §§ 1002(21) and/or 1102(a)(1). TriHealth is responsible for selecting prudent investment options, ensuring that those options charge only reasonable fees, and taking any other necessary steps to ensure that the Plan's assets are invested prudently. TriHealth had a continuing duty to evaluate and monitor the Plan's investments on an ongoing basis and to "remove

imprudent ones" regardless of how long a fund has been in the plan. *Tibble v. Edison,* 135 S. Ct. 1823, 1829 (2015).

59.     29 U.S.C. § 1104 imposes fiduciary duties of prudence and loyalty upon TriHealth in its administration of the Plan. The scope of the fiduciary duties and responsibilities of TriHealth includes managing the assets of the Plan for the sole and exclusive benefit of Plan participants and beneficiaries, defraying reasonable expenses of administering the Plan, and acting with the care, skill, diligence, and prudence required by ERISA. These duties further required TriHealth to independently assess whether each option was a prudent choice for the Plan.  *DiFelice v. U.S. Airways, Inc.*, 497 F.3d 410, 423 (4th Cir. 2007); *see Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 590, 595–96 (8th Cir. 2009).

60.     TriHealth was directly responsible for ensuring that the Plan's fees were reasonable, selecting investment options in a prudent fashion in the best interest of Plan participants, prudently evaluating and monitoring the Plan's investments on an ongoing basis and eliminating funds that did not serve the best interest of Plan participants, and taking all necessary steps to ensure that the Plan's assets were invested prudently and appropriately.

61.     TriHealth failed to employ a prudent and loyal process by failing to critically or objectively evaluate the cost and performance of the Plan's investments and fees in comparison to other investment options. TriHealth selected and retained for years as Plan investment options mutual funds with high expenses relative to other investment options that were readily available to the Plan at all relevant times.

62. TriHealth failed to engage in a prudent process for monitoring the Plan's investments and removing imprudent ones within a reasonable period. This resulted in the Plan continuing to offer excessively expensive funds compared to equivalent and/or comparable low-cost alternatives that were available to the Plan.

63. Thus, TriHealth failed to make Plan investment decisions based solely on the merits of each investment and in the best interest of Plan participants; failed to ensure the Plan was invested in the lowest-cost investment vehicles. Through these actions and omissions, TriHealth failed to discharge its duties with respect to the Plan solely in the interest of the participants and beneficiaries of the Plan, and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of its fiduciary duty of loyalty under 29 U.S.C. § 1104(a)(1)(A).

64. TriHealth failed to discharge its duties with respect to the Plan with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would have used in the conduct of an enterprise of like character and with like aims, thereby breaching its duties under 29 U.S.C. § 1104(a)(1)(B).

65. TriHealth is liable under 29 U.S.C. §§ 1109(a) and 1132(a)(2) to make good to the Plan the losses resulting from the breaches, to restore to the Plan any profits TriHealth made through the use of Plan assets, and to restore to the Plan any profits resulting from the breaches of fiduciary duties alleged in this Count. In addition,

TriHealth is subject to other equitable relief pursuant to 29 U.S.C. §§ 1109(a) and 1132(a)(3).

## JURY TRIAL DEMANDED

Plaintiffs demand a trial by jury for all issues so triable.

**WHEREFORE**, Plaintiffs, on behalf of the Plan and all similarly situated participants and beneficiaries of the Plan, request the following:

- A declaration that TriHealth breached its fiduciary duties as described above;

- An order that requires TriHealth make good to the Plan all losses resulting from each breach of fiduciary duty, and to otherwise restore the Plan to the position it would have occupied but for the breaches of fiduciary duty;

- An order for an accounting to determine the amounts that TriHealth must make good to the Plan;

- An order removing the fiduciaries who have breached their fiduciary duties;

- An order certifying the Class and appointing each of the named Plaintiffs as a class representative and undersigned counsel as Class Counsel;

- A declaration awarding to Plaintiffs and the Class their attorneys' fees and costs under 29 U.S.C. § 1132(g)(1) and the common fund doctrine;

- A declaration awarding interest to the extent it is allowed by law; and

- A declaration awarding any other equitable and/or remedial relief the Court deems appropriate.

DATED:  July 26, 2019       /s/ Robert R. Sparks
Robert R. Sparks (OH 0073573)
**STRAUSS TROY CO., LPA**
150 East Fourth Street
Cincinnati, OH  45202
rrsparks@strausstroy.com
Tel: (513) 621-2120

27

**GREG COLEMAN LAW**
Greg F. Coleman
greg@gregcolemanlaw.com
800 South Gay Street
Suite 1100
Knoxville, TN 37929
Tel: (865) 247-0080
Fax: (865) 522-0049

**CRUEGER DICKINSON LLC**
Charles Crueger
Benjanim Kaplan
4532 North Oakland Avenue
Whitefish Bay, WI 53211
Tel: (414) 210-3868

**JORDAN LEWIS, P.A.**
Jordan Lewis
jordan@jml-lawfirm.com
4473 N.E. 11th Avenue
Fort Lauderdale, FL 33334
Tel: (954) 616-8995
Fax: (954) 206-0374

Attorneys for Plaintiffs